UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00033-MOC

| LESLIE LEANN ANDERSON | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's complaint for review of decision by the Commissioner of Social Security. (Doc. No. 1). In support of her complaint, Plaintiff filed a Social Security brief. (Doc. No. 6). Defendant filed a response brief, and Plaintiff filed a reply. (Doc. Nos. 9, 10). Having carefully considered the pleadings, the Court enters the following Order.

## I. Administrative History

Plaintiff applied for Supplemental Social Security Income on October 27, 2020. After a hearing on December 21, 2022, a Social Security Administration Administrative Law Judge ("ALJ") denied Plaintiff's application. Plaintiff submitted an appeal request, which the Appeals Council denied. The ALJ's decision is thus the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed this action following the Appeals Council's decision.

## II. Standard of Review

The Social Security Act limits judicial review of the Commission's final decision—here, the ALJ's denial of Plaintiff's application. 42 U.S.C. § 405(g). This Court's review is further restricted to whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015); Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). The Court may not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court will defer to the Commissioner. Id. (internal quotation marks omitted).

To the extent the ALJ's findings of fact are supported by substantial evidence, those findings are conclusive. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The "substantial evidence" standard does not require "a large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 564–65 (1988), but merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To satisfy the substantial evidence standard, the ALJ need only find "more than a mere scintilla" of support for the Commission's decision. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2018).

### a. Sequential Evaluation

The Commissioner, through ALJs, applies a five-step sequential review process to determine whether a claimant is disabled. That process unfolds as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)–(f). Here, Plaintiff assigns error to step four of the ALJ's sequential evaluation.

### b. The Administrative Decision

The ALJ applied the foregoing sequential evaluation to assess Plaintiff's disability status. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 27, 2020. (Doc. No. 5-2 at 19). At step two, the ALJ found that Plaintiff suffers from the following severe impairments: post-traumatic stress disorder; opioid use disorder; cocaine use disorder; depression; stimulant-related disorder; fibromyalgia; carpal tunnel syndrome with normal testing; neuropathy; obesity; overlap syndrome; and headaches. (Id. at 19–21). At step three, the ALJ found that none of Plaintiff's impairments, or combinations thereof, met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 22–24). At step four, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b) with some limitations. (Id. at 25–26). Specifically, the ALJ found that Plaintiff had the

> residual functional capacity to perform light work . . . except she can occasionally engage in balancing, with standing and walking on even terrain; can occasionally engage in stooping, kneeling, crouching, crawling, and climbing of stairs and ramps, but cannot climb ropes, ladders, or scaffolds. She can have occasional use of foot pedals, can perform frequent handling and fingering, and occasional reaching overhead. She can perform no driving of an automobile for the completion of job tasks. The claimant should avoid concentrated exposure to hazards such as moving machinery and unprotected heights, as well as to fumes, dusts, gases, or poor ventilation. She can have exposure to moderate noise levels. She can understand, remember, and carry out simple instructions that can be detailed but not complex. The tasks should be simple, routine, and repetitive in nature. She can focus on tasks for two hours at a time, learned by demonstration in 30 days or less. She can have no contact with the public, but occasional contact with coworkers and supervisors. She can handle routine changes to her work environment but can have no daily quotas.

(Id.). At step five, the ALJ found that while Plaintiff is unable to perform any past relevant work, Plaintiff's RFC leaves her able to perform several different jobs such as price marker, routing clerk, hotel housekeeper, or office helper. (Id. at 37–38).

### III. Discussion

Plaintiff first contends that the ALJ erred in her RFC assessment of Plaintiff's fibromyalgia. Specifically, Plaintiff argues that the ALJ erred "by discounting Plaintiff's testimony regarding fibromyalgia pain based on a lack of objective evidence to support Plaintiff's subjective complaints in violation of [Arakas v. Comm'r of Soc. Sec. Admin., 983 F.3d 83, (4th Cir. 2020).]." (See Doc. No. 6). The Court agrees.

In Arakas, the Fourth Circuit held that an ALJ may not "rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d at 97 (emphasis added). This holding reflects the "unique nature of fibromyalgia" and its symptoms. Id. at 95. The Arakas Court found error in the ALJ's second

step of the symptom-evaluation framework, which assesses the intensity and persistence of the symptoms alleged. Id. at 95. Specifically, the Court held that "the ALJ improperly discredited [the claimant's] statements about the severity, persistence, and limited effects of her symptoms because [the ALJ] did not find them to be 'completely consistent with the objective evidence.'" Id. at 96. (internal citations omitted). "Because [the claimant] was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,'" the Fourth Circuit concluded that "the ALJ 'applied an incorrect legal standard' in discrediting [the claimant's] complaints based on the lack of objective evidence corroborating them." Id. (internal citations omitted). Thus, the ALJ "'improperly increased [the claimant's] burden of proof' by effectively requiring [the claimant's] subjective descriptions of her symptoms to be supported by objective medical evidence." Id.

Here, the ALJ determined at step two of the sequential review process that Plaintiff suffered from severe fibromyalgia. (Doc. No. 5-2 at 19–21). The ALJ noted that Plaintiff "experiences fibromyalgia pain 'all over,' but specifically in her arms, back, hips, wrists, and neck. She rates this pain as a 9 out of a possible 10, and it never goes away." (Id. at 31). And here, as in Arakas, Plaintiff made various attempts to obtain fibromyalgia relief, indicating that her symptoms "are a source of distress." See (Doc. No. 6 at 12–13); 983 F.3d at 102. But the ALJ nonetheless found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms <u>are not entirely consistent with the medical evidence</u> and other evidence in the record for the reasons explained in this decision. (Id. at 27) (emphasis added). Thus, the ALJ concluded,

> The claimant's long history of repeatedly and consistently seeking medical treatment for "all over" pain supports a finding of the claimant having an underlying medically determinable impairment that could and reasonably do[es] cause some symptomatology. However, there are significant inconsistencies throughout the record, <u>such as the lack of any objective findings of an impairment to note the cause of such pain</u>, the differing

> descriptions of symptoms and her functional abilities to different medical providers, as well as the uncorroborated descriptions of severe and debilitating pain and other symptoms in her testimony. The claimant has repeatedly described back pain and joint pain, prompting diagnostic imaging scans to identify the type and severity of the impairments causing such symptoms. When such imaging failed to identify any such cause, additional tests were ordered, including nerve conduction studies, antinuclear antibodies ("ANA") tests and other tests of rheumatology. Yet those also produced normal, or near-normal results, failing to identify the causal impairments. That has left some physicians to diagnose the claimant with fibromyalgia or overlap syndrome as the best remaining impairments that fit the claimant's description of symptoms.

(Id. at 34–35) (emphasis added).

The ALJ's conclusion—essentially requiring Plaintiff's "subjective descriptions of her symptoms to be supported by objective medical evidence"—constitutes error. Arakas, 983 F.3d at 96. The Fourth Circuit held in Arakas that "objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." 983 F.3d at 97. Here, as in Arakas, the ALJ discounted Plaintiff's subjective fibromyalgia-related complaints based on a lack of objective evidence. (Doc. No. 5-2 at 31). Also like Arakas, the ALJ's opinion suggests that this lack of objective medical evidence was the "chief, if not definitive, reason for discounting" Plaintiff's complaints. 983 F.3d at 97 (citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 248 (6th Cir. 2007)). The ALJ thus "improperly increased [Plaintiff's] burden of proof." Arakas, 983 F.3d at 96; see also Jetton v. Comm'r, No. 5:20-cv-00138, 2022 WL 966868, at *3 (W.D.N.C. March 30, 2022). Consequentially, the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence. The Court will remand to the Commissioner to consider whether the record evidence, properly analyzed, supports Plaintiff's testimony regarding the limiting effects of her physical impairments.

Next, Plaintiff argues that the ALJ's assessment of Plaintiff's mental health disorders constitutes an additional source of error. Specifically, Plaintiff states that the ALJ erred by discounting Plaintiff's testimony regarding mental health symptoms based on a lack of objective evidence in violation of Shelley C. v. Comm'r of Soc. Sec. Admin., 61 F.4th 341, 361 (4th Cir. 2023). The Court, again, agrees.

In Shelley C., the Fourth Circuit analogized fibromyalgia to chronic depression in light of the rule articulated in Arakas, noting that both diseases often "[do] not produce [objective] evidence." 61 F.4th 341, 361 (4th Cir. 2023). "Because of the unique and subjective nature of [major depressive disorder]," the Fourth Circuit concluded, "subjective statements from claimants 'should be treated as evidence substantiating the claimant's impairment.'" Id. at 361–62 (quoting Arakas, 983 F.3d at 97–98). In Shelley C., the ALJ found that the plaintiff's subjective testimony regarding the intensity, persistence, and limiting effects of her mental health conditions were inconsistent with the medical evidence in the record. Id. at 360. As in Arakas, the Fourth Circuit held in Shelley C. that the ALJ's dismissal of the plaintiff's complaints due to a lack of medical evidence "improperly increased [the plaintiff's] burden of proof." Id. at 360, 362.

Here, the ALJ determined at step two of the sequential review process that Plaintiff suffered from several mental disorders, including post-traumatic stress disorder, opioid use disorder, cocaine use disorder, depression, and stimulant-related disorder. (Doc. No. 6-2 at 19–20). The ALJ noted Plaintiff has been "taking a number of medications for mental disorders for 'years,'" and that she takes "multiple naps throughout the day" and "has no desire to do activities." (Id. at 27). Indeed, Plaintiff's subjective complaints are supported by her persistent attempts to relieve her symptoms, including medication adjustments and mental health therapy.

See (Doc. No. 6 at 18–19); Arakas, 983 F.3d at 102. Nonetheless, the ALJ ultimately discounted Plaintiff's subjective complaints due to a lack of objective evidence, ultimately concluding that

> The claimant does have underlying medically determinable impairments that could and reasonably do cause some symptomatology. However, the pivotal question is not whether such symptoms exist, but whether those symptoms occur with such frequency, duration or severity as to reduce the claimant's residual functional capacity as set forth above or to preclude all work activity on a continuing and regular basis. In this case, a careful review of the record <u>does not document sufficient objective medical evidence to substantiate the severity of symptoms</u> and degree of functional limitations resulting from her mental impairments alleged by the claimant. The claimant reported experiencing a number of symptoms to Dr. Sengupta and her counselors, including mood swings, episodes of depression, nightmares, "daymares," irritability, diminished frustration tolerance, and, for a period of six months, auditory hallucinations. Dr. Sengupta and the variety of counselors rarely recorded signs of mental impairment from their appointments. At the most, the claimant was described as having a depressed or anxious mood, or having slightly pressured speech. . . . <u>There is little, if any, corroborative evidence pertaining to a number of statements made by the claimant in her hearing testimony</u>. . . . <u>The objective medical evidence fails</u> to document the presence of any impairment or combination of impairments that could reasonably be expected to cause more mental limitations than those described above.

(Id. at 30) (emphasis added).

Here, as in Shelley C., the ALJ discounted Plaintiff's subjective mental health complaints as uncorroborated by objective medical evidence. See 61 F.4th 341, 360. Here, as in Shelley C., the ALJ's dismissal was error. The ALJ may not increase Plaintiff's burden of proof by requiring that objective evidence corroborate the frequency, duration, or severity of Plaintiff's subjective testimony regarding her mental health conditions. See id. at 362.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Plaintiff's request for remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint for review of decision by the Commissioner of Social Security, (Doc. No. 1), is **GRANTED**.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405 (g), this Court hereby **REVERSES** the administrative law judge's decision and **REMANDS** the case to the Commissioner of Social Security for further consideration.

The Clerk is directed to terminate Plaintiff's social security brief (Doc. No. 6) and Defendant's reply brief (Doc. No. 9) as moot.

**SO ORDERED**.

Signed: August 5, 2024

Max O. Cogburn Jr.
United States District Judge